Filing # 58919730 E-Filed 07/12/2017 03:00:46 PM

IN THE CIRCUIT COURT OF THE 4TH JUDICIAL CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA
CIVIL DIVISION

CASE NO.:

MATTHEW BERGER,

    Plaintiff,

-vs-

AMERICAN STRATEGIC INSURANCE CORPORATION,

    Defendant.

_____/

## COMPLAINT

**COMES NOW** the Plaintiff, MATTHEW BERGER, by and through their undersigned counsel, and sue the Defendant, AMERICAN STRATEGIC INSURANCE CORPORATION, and would allege as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages greater than the sum of FIFTEEN THOUSAND DOLLARS ($15,000.00), exclusive of interest, costs and attorney's fees, and otherwise within the jurisdictional limits of this Court.

2. At all times material hereto, Defendant, AMERICAN STRATEGIC INSURANCE CORPORATION, is a Florida corporation authorized and doing business in DUVAL COUNTY, FLORIDA.

3. At all times material hereto, Plaintiff, MATTHEW BERGER, own the property insured by Defendant located at 4203 SEABREEZE DRIVE, JACKSONVILLE BEACH, FLORIDA 32250, DUVAL COUNTY, FLORIDA.

THE STREMS LAW FIRM, P.A.
2555 Ponce de Leon Blvd., Suite 210, Coral Gables, Florida 33134 · TEL: (786) 430-0882 · FAX: (305) 459-1589

ACCEPTED: DUVAL COUNTY. RONNIE FUSSELL. CLERK. 07/13/2017 04:27:15 PM

4. Venue is proper in DUVAL County, Florida pursuant to Florida Statute 47.011, because the cause of action upon which these allegations are based accrued in DUVAL County, Florida, and the property at issue is located in DUVAL County, Florida.

5. That Plaintiff was insured at the time of loss, on 10/7/2016, under Defendant's insurance policy number FLD293752.

6. The Policy in question is in the sole and exclusive possession of the Defendant and will be produced through Discovery. All terms of the Policy are incorporated herein.

7. Plaintiff paid all insurance premiums, performed all post loss conditions, and performed all conditions precedent. In the alternative, all conditions precedent have been waived.

8. On or about 10/7/2016, Plaintiff suffered a loss due to a flood, a covered peril under the Policy involving the Property.

9. Defendant acknowledged coverage for the Loss as claim number 5836-161001 and assigned an insurance adjuster to adjust the Loss.

10. Plaintiff provided Defendant with a damage estimate for a covered loss.

11. Defendant was given timely notice of the loss and investigated the claim including inspecting the property and estimating the damage, and was not prejudiced in its investigation.

12. Defendant acknowledged coverage of the loss, however, rejected the total amount of damages.

13. Accordingly, the Insurance Company inspected the Property and tendered a payment of insurance proceeds to the Insured. However, after diligent inspection of the Loss, it

was obvious that the Property sustained damage greater than the damages acknowledged by the Insurance Company.

### COUNT I - BREACH OF CONTRACT

14.  Plaintiffs reaver, readopt and reallege the allegations contained in Paragraphs 1 through 12 of this Complaint, and as a first cause of action, would further allege:

15.  That the policy provides coverage for direct physical loss to the Plaintiff's property due to the flood damage mentioned herein.

16.  That the Plaintiff sustained unpaid damages for a covered loss under the Defendant's policy of insurance.

17.  That the Plaintiff demanded the Defendant honor its contractual obligation and pay for the unpaid damages to the insured property.

18.  That as a result of Defendant's breach of contract, Plaintiff sustained damage to the insured property.

19.  That Defendant refuses to honor its contractual obligations and pay for the covered loss.

20.  That Plaintiff has further had to retain the undersigned attorney and agreed to pay him a reasonable fee for which the Defendant is liable under § 627.428.

21.  Florida Statute 627.428(1) states:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

WHEREFORE, Plaintiffs demand judgment against Defendant, plus costs, prejudgment interest and attorneys fees pursuant to Florida Statute § 627.428.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

### DESIGNATION OF E-MAIL ADDRESS PURSUANT TO RULE 2.516

Pursuant to Florida Rule of Judicial Administration 2.516, Plaintiff hereby files its notice of designation of email address for the purpose of service of all documents required to be served in this proceeding: pleadings@stremslaw.com

DATED this July 12, 2017.

STREMS LAW FIRM
Attorney for Plaintiff
2555 Ponce De Leon Boulevard, Suite 210
Coral Gables, FL 33134
Telephone: (786) 430-0882
Fax: (305) 459-1589
E-mail: jdrake@stremslaw.com
E-Service: pleadings@stremslaw.com

By: _____
JONATHAN DRAKE, ESQUIRE
FLORIDA BAR NO.: 103697

STATE OF FLORIDA
DUVAL COUNTY
I, UNDERSIGNED Clerk of the Circuit & County Courts, Duval County, Florida, DO HEREBY CERTIFY the within and foregoing, consisting of _4_ pages, is a true and correct copy of the original as it appears on record and file in the office of the Clerk of Circuit & County Courts of Duval County, Florida.
WITNESS my hand and seal of Clerk of Circuit & County Courts at Jacksonville, Florida, this the _13_ day of _July_ A.D., 2017.
RONNIE FUSSELL
Clerk, Circuit and County Courts
Duval County, Florida
By_____
Deputy Clerk

THE STREMS LAW FIRM, P.A.
2555 Ponce de Leon Blvd., Suite 210, Coral Gables, Florida 33134 · TEL: (786) 430-0882 · FAX: (305) 459-1589